UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WESLEY B.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:18-cv-05398-TLF

ORDER AFFIRMING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Plaintiff brought this matter for judicial review of the Commissioner's denial of his applications for disability insurance and supplement security income benefits. The parties consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons below, the Court affirms the Commissioner's decision.

PROCEDURAL BACKGROUND

Plaintiff filed applications for disability insurance and supplemental security income benefits in October 2014, alleging he became disabled as of July 15, 2012. Dkt. 6, Administrative Record (AR) 15. Both applications were denied at the initial and reconsideration administrative review levels. AR 15. Following a hearing held before an administrative law judge (ALJ), at which plaintiff and a vocational expert appeared and testified, and a

ORDER AFFIRMING THE COMMISSIONER'S DECISION
TO DENY BENEFITS - 1

supplemental hearing at which plaintiff again testified, along with a different vocational expert, the ALJ determined that there were jobs existing in significant numbers in the national economy that plaintiff could perform, and therefore that he was not disabled. AR 12-38, 39-65, 66-101. Plaintiff filed a complaint with this Court, seeking reversal and remand for further administrative proceedings.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless it is: (1) based on legal error; or (2) not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.*; *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017).

If more than one rational interpretation can be drawn from the evidence, then the Court must uphold the ALJ's interpretation. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). The Court, however, may not affirm by locating a quantum of supporting evidence and ignoring the non-supporting evidence. *Orn,* 495 F.3d at 630.

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision

of the ALJ for a reason upon which the ALJ did not rely. *Id.* Only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

ISSUE FOR REVIEW

Did the ALJ give adequate reasons to reject the medical opinions of Alysa A. Ruddell, Ph.D., Luci Carstens, Ph.D., and Loren McCollom, Ph.D.?

DISCUSSION

The Commissioner employs a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. At step four of that process, a claimant's residual functional capacity (RFC) is assessed to determine whether past relevant work can be performed, and, if necessary, at step five to determine whether an adjustment to other work can be made. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). At step five, the ALJ has the burden of proof, which can be met by showing a significant number of jobs exist in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(e), 416.920(e).

Plaintiff challenges the ALJ's decision discounting the medical opinions of two examining physicians, Drs. Ruddell and McCollom, and the opinion of non-examining physician, Dr. Carstens. Dkt. 8. The Court concludes that the ALJ did not err in discounting these doctors' opinions.

Three types of physicians may offer opinions in Social Security cases: "(1) those who treat[ed] the claimant (treating physicians); (2) those who examine[d] but d[id] not treat the claimant (examining physicians); and (3) those who neither examine[d] nor treat[ed] the claimant (non-examining physicians)." *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion is generally entitled to more weight than the opinion of a doctor who examined but did not treat the plaintiff, and an examining physician's opinion is generally

ORDER AFFIRMING THE COMMISSIONER'S DECISION
TO DENY BENEFITS - 3

entitled to more weight than that of a non-examining physician. *Id.*

A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Lester*, 81 F.3d at 830-31. An ALJ need not accept the opinion of a treating physician if that opinion is brief, conclusory, and inadequately supported by clinical findings or by the record as a whole. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "'by providing specific and legitimate reasons that are supported by substantial evidence.'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler,* 739 F.2d 1393, 1394-95 (9th Cir. 1984) (internal citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*

"[A]n ALJ errs when . . .[the ALJ] rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for . . . [the] conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

A. <u>Examining psychologist Dr. Ruddell and non-examining psychologist Dr. Carstens</u>

Dr. Ruddell examined plaintiff in September 2014. AR 464. She opined that plaintiff had severe limitations in his ability to learn new tasks and marked limitations in his ability to perform detailed tasks, adapt to changes, maintain appropriate behavior, complete a normal workday and workweek without interruptions from psychiatric symptoms, and set realistic goals and plan

independently. *Id.* Dr. Ruddell opined that plaintiff had moderate limitations in his ability to perform basic mental work-related activities. *Id.* She determined that vocational training would minimize plaintiff's barrier to employment and recommended a referral for mental health care. *Id.* On September 30, 2014, Dr. Carstens reviewed Dr. Ruddell's evaluation, adopted her findings, and observed that a duration of 18-24 months would be appropriate. AR 493-95.

Here, Dr. Ruddell's findings were contradicted by the opinions of Leslie Postovoit, Ph.D., and Vincent Gollogly, Ph.D., who found that plaintiff could complete a normal workday and workweek without interruption from psychiatric symptoms. AR 28-29, 111-13, 135-38, 140-42. Therefore, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Ruddell's opinion. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (noting that even where treating or examining opinion is contradicted, ALJ may only reject it "by providing specific and legitimate reasons that are supported by substantial evidence").

The ALJ assigned limited weight to the opinions of Drs. Ruddell and Carstens, finding that the treatment record did not support the level of severity Dr. Ruddell described. AR 29. The ALJ reasoned that plaintiff has not requested mental health treatment and his "regular providers" have not recommended such treatment. *Id.*

The ALJ also found the record showed no treatment from 2014 to 2016 and reasoned that if plaintiff's condition were as severe as described by Dr. Ruddell, it is reasonable to presume he would have sought additional care for his mental health impairments. *Id.* The ALJ also found that, despite some remarkable findings during his mental status examination with Dr. Ruddell, plaintiff's treating providers repeatedly noted largely unremarkable mental status findings. *Id.* The ALJ noted that plaintiff described mental health limitations to Dr. Ruddell that plaintiff did not report to his treating providers. AR 30.

The ALJ gave specific, legitimate, and supported reasons to discount Dr. Ruddell's opinion.

First, the ALJ did not err in discounting Dr. Ruddell's opinion based in part on plaintiff's lack of mental-health treatment. The record supports the ALJ's finding that plaintiff did not seek mental-health counseling, and other than making modest changes in depression and anxiety medication, his treating provider did not recommend additional mental-health treatment. *See* AR 463, 471-72, 516-17, 519, 522-25. The ALJ could legitimately infer from these facts that plaintiff was less limited than Dr. Ruddell opined. *See Judge v. Astrue*, No. CV 09-4743-PJW, 2010 WL 3245813, at *4 (C.D. Cal. Aug. 16, 2010) (unpublished) (affirming ALJ decision to discount opinion based on claimant's failure to seek psychiatric treatment where record indicated her "failure to get treatment after 1997 seems more a function of the fact that she did not need it, as opposed to her inability to comprehend that she needed it"); *cf. Orn*, 495 F.3d at 638 ("if a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated").

Plaintiff's reliance on *Regennitter v. Commissioner of Social Sec. Admin.* is not persuasive. *See* 166 F.3d 1294, 1297 (9th Cir. 1998). Plaintiff points to no evidence that he failed to seek mental-health treatment "because of his poverty," as the court found of the claimant in that case. *See id.* at 1299-1300. Further, the court in *Regennitter* did not, as plaintiff suggests, state a categorical rule against discounting a mental-health opinion based on a failure to seek treatment. Rather, as the court in *Molina v. Astrue* noted with respect to the ALJ's analysis of the claimant's credibility, an "ALJ may properly rely on 'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.'" 674 F.3d 1104, 1113

(9th Cir. 2012) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)) (internal quotation marks omitted).

There is no evidence in the record that plaintiff's failure to seek treatment was related to his asserted mental-health limitations, as plaintiff implies. *See* Dkt. 8, pp. 3-4. Rather, plaintiff received medication prescriptions at visits with his primary-care provider; his provider did not recommend more extensive treatment (including counseling), and plaintiff did not seek it. *See* AR 463, 471-72, 516-17, 519, 522-25.

Second, the ALJ validly considered the record's lack of significant objective indications—or subjective complaints of the extensive mental-health limitations that Dr. Ruddell found—to discount Dr. Ruddell's opinion. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Substantial evidence supports that finding: the ALJ could reasonably find that, apart from observations of a flat affect and "low mood," plaintiff's treating providers made observations about his mental status that do not support the serious limitations Dr. Ruddell found. *See* AR 463, 471-72, 516-17, 519, 522-25; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (ALJ responsible for resolving inconsistencies in medical evidence).

The ALJ thus gave at least two specific and legitimate reasons to discount Dr. Ruddell's opinion, and substantial evidence supports those reasons. Because Dr. Carstens's opinion was based entirely on Dr. Ruddell's and offered no separate bases or explanation, the ALJ did not need to offer separate reasons to discount that opinion. Accordingly, the ALJ did not err in discounting Drs. Ruddell and Carstens's opinions.

B. <u>Examining psychologist Dr. McCollom</u>

Dr. McCollom examined plaintiff in July 2015. AR 486. He opined that plaintiff's adaptation limitations were fragile because plaintiff was dependent on social withdrawal and

ORDER AFFIRMING THE COMMISSIONER'S DECISION
TO DENY BENEFITS - 7

isolation as well as sarcasm and a defensive attitude. AR 492. Because of the plaintiff's performance on the Mental Status Examination, Dr. McCollom stated he had concerns about plaintiff's ability to manage his finances independently. *Id.*

The ALJ assigned limited weight to Dr. McCollom's opinion because the treatment record did not support the level of severity he assigned. AR 30. As with Dr. Ruddell's opinion, the ALJ reasoned that neither Dr. McCollom nor plaintiff's regular providers recommended additional mental health treatment. *Id.* The ALJ also noted plaintiff had "nearly no treatment from 2014 through 2016." *Id*. The ALJ found the degree of limitation described by Dr. McCollom was not consistent with the largely unremarkable mental status examinations in the record and that, although plaintiff's treating providers noted he has a flat affect, they did not note other concerns about plaintiff's mental status presentation. *Id.*

These are similar to the ALJ's reasons for rejecting Dr. Ruddell's opinion. AR 29-30. They are equally valid and supported in discounting Dr. McCollom's: the ALJ could reasonably find that both plaintiff's lack of mental-health counseling and the largely unremarkable mental-status-exam findings in the record are inconsistent with severe limitations. *See Molina*, 674 F.3d at 1113; *Batson*, 359 F.3d at 1195. Further, Dr. McCollom did not opine to greater limitations than those included in the RFC: the ALJ could reasonably find, for instance, that a low stress work environment would accommodate a "fragile" ability to adapt. *See* AR 20, 30. Thus, any error in the ALJ's decision to assign Dr. McCollom's opinion "little weight" would be harmless. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("[T]he ALJ did not need to provide 'clear and convincing reasons' for rejecting Dr. Koogler's report because the ALJ did not reject any of Dr. Koogler's conclusions.").

## CONCLUSION

For the foregoing reasons, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 6th day of May, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge